**BOYAMIAN LAW, INC.**
Michael H. Boyamian (SBN 256107)
Armand R. Kizirian (SBN 293992)
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone:   818.547.5300
Facsimile:    818.547.5678
E-mail(s):    michael@boyamianlaw.com
                    armand@boyamianlaw.com

Attorneys for Plaintiff HARO BEZDIKIAN,
Individually, On Behalf of All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARO BEZDIKIAN, an individual, on behalf of himself and all other similarly situated individuals,<br><br>                    Plaintiff,<br><br>        vs.<br><br><br>VALLEY GYM CORPORATION, a California corporation, d/b/a USA FITNESS CENTER, TEXTMUNICATION, INC., a California corporation, and DOES 1 through 25, inclusive,<br><br><br>                    Defendants. | CASE NO. 3:18-cv-4372<br>**CLASS ACTION COMPLAINT FOR**:<br><br>VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227<br><br>**DEMAND FOR JURY TRIAL** |

1

CLASS ACTION COMPLAINT

1    Plaintiff HARO BEZDIKIAN (hereinafter "Plaintiff"), an individual, hereby

2   files this Complaint against Defendants VALLEY GYM CORPORATION, a California

3   corporation, doing business as USA FITNESS CENTER (hereinafter "USA Fitness" or

4   "Valley Gym"), TEXTMUNICATION, INC., a California corporation, and Does 1 to

5   25, inclusive (hereinafter collectively, "Defendants"), pursuant to section 382 of the

6   California Code of Civil Procedure.  Plaintiff is informed and believes and on the basis

7   of that information and belief alleges as follows:

8   ## INTRODUCTION

9    1.  As alleged below, Defendants have violated the Telephone Consumer

10   Protection Act ("TCPA"), 47 U.S.C. § 227, through their unauthorized contact of

11   consumers on the consumers' respective cellular telephones. Specifically,

12   Defendants have violated the TCPA by sending unsolicited text messages without

13   prior express written consent, invading the consumers' right to privacy.

14    2.   Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled

15   to, inter alia, statutory damages and injunctive relief for Defendants' violations.

16   ## PARTIES

17   *Plaintiff Haro Bezdikian*

18    3.  Plaintiff is, and at all times relevant to this action was, a California resident of

19   the County of Los Angeles. He is, and at all times relevant to this action was, a

20   "person" as defined under 47 U.S.C § 153.

21   *Defendant Valley Gym Corporation*

22    4.  Plaintiff is informed and believes, and based thereon alleges, that Defendant

23   Valley Gym Corporation is a California corporation doing business as "USA

24   Fitness Center" or "USA Fitness" with a principal place of business located at

25   13640 Foothill Boulevard, Sylmar, California 91342.  Plaintiff is further informed

26   and believes, and based thereon alleges, that USA Fitness is, and at all times

27   relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

28

CLASS ACTION COMPLAINT

*Defendant Textmunication, Inc.*

5.   Defendant Textmunication, Inc. is a corporation organized and existing under the laws of the State of California with a principal place of business located at 1940 Contra Costa Blvd., Pleasant Hill, California 94523.  Defendant Textmunication conducts business throughout this District, the State of California, and the United States.  Defendant can be served via its agent for service of process at 18 Dickson Ct., Martinez, California 94523. Plaintiff is further informed and believes, and based thereon alleges, that Textmunication is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

*Defendants Does 1 through 25, Inclusive*

6.   DOES 1 through 25 inclusive are now and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California.  Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 through 25, inclusive and for that reason, DOES 1 through 25 are sued under such fictitious names pursuant to California Code of Civil Procedure, section 474.  Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.  DOES 1 through 25 are believed to be business entities who were also affiliated or have an ownership interest with Defendant and is responsible for the alleged acts committed herein.

*All Defendants*

7.   Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified

3

1    each and every action taken by the other co-Defendants, as herein alleged and was

2    responsible in whole or in part for the matters referred to herein.

3        8.  Plaintiff is informed and believes and based thereon alleges that at all times

4    herein mentioned, all Defendants, and each of them, were and are the agents,

5    servants, employees, joint venturers, and/or partners of each of the other

6    Defendants, and were, at all such times, acting within the course and scope of said

7    employment and/or agency; furthermore, that each and every Defendant herein,

8    while acting as a high corporate officer, director and/or managing agent, principal

9    and/or employer, expressly directed, consented to, approved, affirmed and ratified

10   each and every action taken by the other co-Defendants, as herein alleged and was

11   responsible in whole or in part for the matters referred to herein.

12       9.  Plaintiff is informed and believes and based thereon alleges that at all times

13   herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all

14   others similarly situated and the general public to be subjected to the unlawful

15   practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

16       10. Plaintiff is informed and believes and based thereon alleges that Defendants,

17   and each of them, are now and/or at all times mentioned in this Complaint were

18   members of and/or engaged in a joint venture, partnership and common enterprise,

19   and were acting within the course and scope of, and in pursuit of said joint venture,

20   partnership and common enterprise and, as such were co-conspirators in causing

21   the damages and injuries to Plaintiff and other similarly situated individuals and

22   consumers in California.

23       11. Plaintiff is informed and believes and based thereon alleges that Defendants,

24   and each of them, at all times mentioned in this Complaint, concurred with,

25   contributed to, approved of, aided and abetted, condoned and/or otherwise ratified,

26   the various acts and omissions of each and every one of the other Defendants in

27   proximately causing the injuries and/or damages alleged in this Complaint.

28   ////

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

12. *Jurisdiction*. Federal and state courts have concurrent jurisdiction over suits arising under the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). This Court therefore has subject-matter jurisdiction over Plaintiff's cause of action.  Furthermore, this Court has personal jurisdiction over Defendants because, as alleged below, they have purposefully availed themselves of the resources and protections of California, and conduct business and have systematic contacts within the District.

13. *Venue*. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct a significant amount of business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Defendant Textmunication resides in this District and has its principal place of business within this District.

## FACTUAL ALLEGATIONS

14. Plaintiff is informed and believes, and based thereon alleges, that Defendant Valley Gym Corporation owns, operates, and manages a variety of fitness gym locations in southern California that are licensed to use the "USA Fitness" brand or moniker.  These fitness gym locations which use the "USA Fitness" brand in California include locations in Sylmar, Reseda, North Hollywood, North Hills, and Panorama City.

15. Defendant Textmunication, Inc., is a text-messaging platform which provides mobile marketing services to a variety of clients, including Defendant Valley Gym Corporation.

16. Plaintiff is informed and believes, and thereon alleges that Defendant Valley Gym Corporation contracted with Defendant Textmunication and that Defendant Valley Gym delivered, conveyed or otherwise caused to transfer a cache of telephone numbers of potential gym subscribers, including that of Plaintiff, in an

CLASS ACTION COMPLAINT

1  effort for Textmunication to unlawfully transmit unsolicited telemarketing text

2  messages on behalf of Defendant Valley Gym Corporation without having first

3  obtained the prior express written consent of the recipients.

4      17. Plaintiff is informed and believes, and thereon alleges that Defendant

5  Textmunications continued to make unsolicited telemarketing text messages and

6  knowingly continued to call them after consumers, including Plaintiff, requests for

7  such messages to stop.  In so doing, Defendants not only invaded the personal

8  privacy of Plaintiff and members of the putative Classes, but also intentionally and

9  repeatedly violated the TCPA.

10     18. Plaintiff is informed and believes, and based thereon alleges, that all of the

11 USA Fitness gyms operated, managed, and owned by Defendant Valley Gym

12 Corporation require consumers to become members in order to use the facilities. At

13 no time was Plaintiff ever a member of any USA Fitness gym.  Upon information

14 and belief, approximately nine or ten years ago, Plaintiff visited the USA Fitness

15 facility in Reseda as a "guest" as part of an invitation by a USA Fitness member.

16     19. On or about May 9, 2018, Plaintiff received the following unsolicited text

17 message from Defendants:

18
19     Join USA FITNESS for only $13.99 Monthly online on the website. Month to Month term. Full details online. Expires May 12. www.usafitness.la   txt stop 2 stop

20 Plaintiff responded to this message by texting back, "Stop"

21     20. Plaintiff thereafter immediately received an automated text message from

22 Defendants:

23     Textmunication Promo Alerts YOU WILL RECEIVE NO FURTHER MESSAGES. www.textmunication.com txt stop 2 stop

24     21. On or about May 9, 2018, Plaintiff received a second unsolicited text message

25 from Defendants, stating:

26

27     Join USA FITNESS for only $13.99 Monthly online on the website. Month to Month term. Full details online. Expires May 12. www.usafitness.la   txt stop 2 stop

28

CLASS ACTION COMPLAINT

22. On or about May 13, 2018, Plaintiff received a third unsolicited text message from Defendants, stating:

> USA FITNESS Mother's Day Special: Come in today and get an INCREDIBLE deal. 18420 Hart Street, Reseda. www.usafitness.la txt stop 2 stop

Plaintiff did not respond to this text message.

23. On May 31, 2018, Plaintiff received a fourth unsolicited text message from Defendants, stating:

> INCREDIBLE PRICING for end of the month closeout at USA FITNESS – offer valid inside club only.  Come today for big savings! goo.gl/mv2YU7

Plaintiff again did not respond to this text message.

24. On June 15, 2018, Plaintiff received a fifth unsolicited text message from Defendants, stating:

> USA FITNESS is having amazing mid-month closeout deals! Visit a club today to sign up and get pricing. Call 818-705-6500 www.usafitness.la txt stop 2 stop

Plaintiff again did not respond to this text message.

25. On June 18, 2018, Plaintiff received a sixth unsolicited text message from Defendants, stating:

> Join USA Fitness today for only $1! $49.99 Monthly Visit us @ 18420 Hart St.Reseda, CA to claim offer.

Plaintiff again did not respond to this text message.

26.On July 10, 2018, Plaintiff received a seventh unsolicited text message from Defendants, stating:

> USA Fitness Summer Sale! Pre-sale includes NEW Panorama City access. Hurry! Offer ends 7/15. Extra $50 off online w/ code USA usafitness.la txt stop 2 stop

Plaintiff again did not respond to this text message.

27. As is apparent from the content of the seven above-alleged text messages, the messages were sent without an emergency purpose; instead, they advertise, market, and promote the purchase of USA Fitness gym memberships through the joint transmission of unsolicited text messaging from Defendants.

7

CLASS ACTION COMPLAINT

28. Again, at no time was Plaintiff ever a member of any USA Fitness gym. Upon information and belief, Plaintiff never gave any signed authorization to anyone expressly permitting Defendants, or anyone acting on any of their respective behalves, to use his cellular-telephone number for telemarketing or advertising purposes.  In any event, such authorization was clearly rescinded when Plaintiff adequately communicated "stop" to Defendants' unsolicited text campaign.

29. Plaintiff's cellular-telephone number is linked to a subscription plan under which he is charged each month for cellular-telephone and data services.

30. Plaintiff is informed and believes, and based thereon alleges, that the text messages referenced in paragraphs 19 through 27 were sent by Defendants, and that Defendants controlled and were responsible for both the content and delivery of the messages; alternatively, the messages were sent by at least one of the Defendants acting at the direction of the other Defendants to send the messages or to conduct promotional activities, with the other Defendants' full knowledge and consent, and to the benefit of all Defendants.

31. Plaintiff is informed and believes, and based thereon alleges, that as part of its overall business model Defendant Textmunication engaged in pattern of practice or policy to solicit its clients, including Defendant Valley Gym Corporation, telephone numbers of consumers.  Defendant Textmunication possesses in a database maintained by it, thousands upon thousands of cellular telephone numbers of consumers; and that Defendant Textmunication sent consumers, including Plaintiff, unsolicited text messages through the use of equipment capable of dialing the numbers that had been entered into, and stored in, that database.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendant Valley Gym had a policy and practice of soliciting the telephone numbers of non-members from current USA Fitness gym members; that his cellular-telephone—

CLASS ACTION COMPLAINT

1   along with thousands of other cellular telephone numbers from non-members—

2   was entered into, and stored in, a database maintained by Defendants; and that

3   Defendants sent him the above-alleged text messages by accessing that database

4   through the use of equipment capable of dialing the numbers that had been entered

5   into, and stored in, that database.

6        33. Plaintiff is informed and believes, and based thereon alleges, that Defendants,

7   Working together pursuant to the arrangement alleged in paragraphs 31 and 32,

8   sent the above-referenced text messages, as well as thousands of similar text

9   messages, en masse to the cellular telephones of non-members and consumers

10  using the equipment referenced in paragraphs 31 and 32.  In addition, Plaintiff is

11  informed and believes, and based thereon alleges, that all of the above-alleged text

12  messages that Plaintiff received— which do not identify any specific recipient by

13  name and which are impersonal in nature—were simultaneously transmitted to

14  thousands of non-members and consumers.  Plaintiff is further informed and

15  believes, and based thereon alleges, that these text messages were sent even though

16  Defendants had never obtained signed authorizations from any non-members or

17  consumers expressly permitting the transmission of advertising or telemarketing

18  messages.

19  **CLASS ACTION ALLEGATIONS**

20       34. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil

21  Procedure 23(b)(2) on behalf of himself and all similarly situated persons in the

22  State of California and United States, and seeks certification of the following two

23  Classes:

24            (1) United States – Textmunication: All persons in the United States who,

25                since July 18, 2014, received at least one text message transmitted by,

26                or on behalf of, Defendant Textmunication, Inc. on their cellular

27                phones.

28            (2) California – USA Fitness: All persons in California who were not

9

1    members of USA Fitness gym and who, since July 18, 2014, received

2    at least one text message transmitted by, or on behalf of, any of the

3    Defendants on their cellular phones.

4    35. Plaintiff reserves the right to amend or modify the proposed Classes, or to

5    Propose subclasses or limitations to particular issues, in response to facts later

6    ascertained.

7    36. *Numerosity*. The identities of Class Members may be ascertained from

8    Defendants' own business and marketing records, as well as the records of

9    Defendants' telephone provider(s). Joinder of all Class Members would be

10   impracticable due to the sizeable number of such Members and their likely lack of

11   resources to initiate individual claims. Plaintiff estimates that thousands of text

12   messages were sent to well-over the forty individuals required for numerosity

13   purposes. Also, as explained below, the amount that is owed to any given Class

14   Member under the TCPA is relatively small, making it impractical for them to

15   bring their own individual suits.

16   37. *Commonality*. There are questions of law and fact that are common to the

17   Classes that predominate over any questions affecting only individual Class

18   Members. These common questions include, without limitation:

19       a) Whether the text messages constitute telemarketing or advertising within

20       the meaning of the TCPA and its regulations;

21       b) Whether the equipment used to send the text messages constitutes an

22       automatic telephone dialing system within the meaning of the TCPA and its

23       regulations;

24       c) Whether prior express written consent was required under the TCPA

25       before sending any of the text messages; and

26       d) Whether the outright failure to obtain prior express written consent to

27       receive the messages constitutes willful and knowing behavior within the

28       meaning of the TCPA and its regulations.

CLASS ACTION COMPLAINT

1    38. *Typicality*. Plaintiff's claims are typical of those of the Classes because he

2    received at least one telemarketing or advertising text message concerning the

3    USA Fitness gym located in Reseda, California on or after July 18, 2014; he never

4    provided prior express written consent to receive any such messages; he rescinded

5    any prior consent by texting "stop"; and the message was sent using the same

6    equipment used to send text messages to all Class Members on their respective

7    cellular telephones.

8    39. *Adequacy*. Plaintiff will fairly and adequately represent and protect the

9    interests of the Classes. Plaintiff is not aware of any conflicts with Class Members,

10   and he plans on pursuing the litigation vigorously. He also has the same interests as

11   those of the Classes, and has retained counsel who are competent and experienced

12   in class-action litigation. In addition, Plaintiff has been actively involved in the

13   litigation, he will continue to participate and be available for the duration of the

14   litigation, and he understands the duties that he holds to the Classes.

15   40. *Superiority*. A class action is superior to other available methods for the fair

16   and efficient adjudication of this controversy. Again, the individual joinder of all

17   Class Members is impracticable because of the relatively small recovery amounts

18   at stake and the relative lack of resources available for individual Class Members

19   vis-à-vis the large corporate Defendants. Additionally, the judicial system would

20   be burdened with multiple trials of the same issues, and the potential for

21   inconsistent or contradictory judgments would increase. The common questions

22   detailed above, in fact, predominate in this action, as Class Members' claims arise

23   out of the same course of conduct to which Plaintiff himself was subject. A class

24   action therefore would conserve the resources of the parties and the Court while

25   protecting the rights of Class Members. Defendants' conduct as described above is

26   unlawful, continuing, clearly capable of repetition, and will continue unless

27   restrained and enjoined by the Court. Moreover, it is a matter of public interest to

28   obtain definitive answers to the legality of Defendants' actions in a single case.

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

### Violation of the TCPA – 47 U.S.C. §227

### (Against All Defendants)

35. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

36. The United States Congress enacted the TCPA in order to balance individual privacy rights with legitimate telemarketing practices. In enacting this statute, Congress found:

> (1)     The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.
>
> ….
>
> (10) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> (11) Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.
>
> (12) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

TCPA of 1991, PL 102-243, December 20, 1991, 105 Stat 2394.

37. The TCPA specifically prohibits automated calls or messages to consumers' cellular-telephone numbers without first obtaining the express consent or permission of the consumers:

CLASS ACTION COMPLAINT

1
2
3

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States[,] (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any telephone number assigned to a . . . cellular telephone service .

4   47 U.S.C. § 227(b)(1). A text message is a "call" within the meaning of the TCPA.

5   E.g., *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

6   38. Under the relevant regulation, effective October 16, 2013, "prior express

7   consent" as used in subsection (b)(1)(A)(iii) of the TCPA means "prior express

8   *written* consent" for all telemarketing or advertising messages. 47 C.F.R. §

9   64.1200(a)(2) (emphasis supplied). Such consent must be signed by the consumer;

10   disclose that the consumer authorizes the entity on whose behalf the message is

11   sent to deliver, or cause to be delivered, telemarketing messages by way of an

12   automatic telephone dialing system; and disclose that the consumer is not required

13   to provide consent as a condition of purchasing any goods or services. *Id.* §

14   64.1200(0(8).

15   39. The foregoing acts and omissions of Defendants constitute a direct

16   violation of the TCPA. Defendants were and are aware of the TCPA and its

17   requirements, and, on information and belief, intentionally violated the law in an

18   effort to maximize the reach of their program. Defendants' violations therefore

19   were willful.

20   40. The TCPA establishes a private right of action for sending unauthorized

21   messages to consumers:

22
23
24
25
26
27

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase-the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

28

CLASS ACTION COMPLAINT

47 U.S.C. § 227(b)(3). Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every text message that they received.  Moreover, because Defendants willfully and knowingly violated the TCPA as alleged above, Plaintiff and Class Members are entitled to treble damages. Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff and Class Members are entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the other members of the class, prays for the following relief:

1. For injunctive relief in accordance with subsection (b)(3)(A) of the TCPA, prohibiting Defendants, their employees, agents, representatives, contractors, affiliates and all persons and entities acting in concert with them, from committing further violations of the act and, thereby, prohibiting Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending any further unsolicited faxed advertisements to any person or entity;

2. That this Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims as provided by Section 382 of the Code of Civil Procedure.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

3. In accordance with subsection (b)(3)(B) of the TCPA, that the named Plaintiff and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Defendants or $1,500 for each willful violation of the TCPA, in a total amount not less than $5,000,000.00, exclusive of interest and costs, or according to proof.

4. That the Court enter an appropriate order enjoining USA Fitness and Textmunication, its agents, or anyone acting on its behalf, from altering, erasing,

changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom defendants have transmitted unsolicited facsimile advertisements;

5.     For prejudgment interest;

6.     For costs of suit herein;

7.     For reasonable attorney's' fees;

8.     For punitive damages; and

9.     That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

## PRESERVATION OF EVIDENCE DEMAND

Defendants Valley Gym Corporation and Textmunication, Inc., or its agents have custody and control of the business records and other information necessary to identify the members of the class including names and telephone numbers. Unless immediate injunctive relief is ordered, it is feared that USA Fitness or Textmunication, or its agents, will alter, erase, delete, destroy or otherwise dispose of the records in their possession which are necessary to identify each recipient of the unsolicited text message advertisements being sent by USA Fitness and/or Textmunication. For this reason, the Plaintiff demands that Defendants, its agents, or anyone acting on its behalf, refrain from altering, deleting or destroying any documents or records which could be used to identify the members of the class(es).

DATED:  July 18, 2018          **BOYAMIAN LAW, INC.**

By:   /s/ Michael H. Boyamian
       Michael H. Boyamian
       Attorneys for Plaintiff HARO BEZDIKIAN, and all other similarly situated individuals

15

1

## **DEMAND FOR JURY TRIAL**

2
Plaintiff hereby demands a jury trial for all claims so triable.

3

4
DATED:  July 18, 2018                    **BOYAMIAN LAW, INC.**

5

6
                                             By:   /s/ Michael H. Boyamian
                                                    Michael H. Boyamian

7
                                                    Attorneys   for   Plaintiff   HARO
                                                    BEZDIKIAN, and all other similarly

8
                                                    situated individuals

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT